Filed 1/7/21  P. v. Harris CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL JAY HARRIS,<br><br>        Defendant and Appellant. | A162907<br><br>(Solano County<br>Super. Ct. No. FCR351515) |

Defendant Michael Jay Harris appeals the sentence imposed after he pled no contest, pursuant to a plea agreement, to a charge of second degree robbery (Pen. Code, § 211)[1] and admitted an allegation that he had a prior conviction for assault with a deadly weapon (§ 245, subd. (a)(1)), which was a serious and/or violent felony (a strike) (§ 667, subd. (d), § 1170.12, subd. (b)). Pursuant to the agreement, the court sentenced defendant to a low term of two years in prison, doubled based on the strike to four years.

Defendant's appointed appellate counsel has submitted a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 asking this court to make an independent review of the record, and has advised defendant of his right to submit a supplemental brief, which defendant has not done. This court's review of the record has revealed no issues that warrant further briefing.

---

[1] Statutory references are to the Penal Code unless otherwise stated.

According to the probation office's report, a police officer responded to a report of criminal threats at a Walmart, where a loss-prevention employee said that he had seen defendant running from the store with merchandise, and had chased him to his car. According to the employee, defendant reached around in the vehicle as if searching for something, referred to a gun, and threatened to shoot him. The employee fled and defendant drove away. Police officers who later detained defendant reported that he admitted having stolen the goods and threatened the Walmart employee.

The district attorney's office filed a complaint charging defendant with second degree robbery (§ 211) and possession of heroin (Health & Saf. Code, § 11350, subd. (a)).[2] The court appointed counsel for defendant, and the district attorney's office filed an amended complaint adding allegations that he had two strikes (§ 667, subd. (d), § 1170.12, subd. (b)): a 1996 conviction for battery with serious bodily injury (§ 243, subd. (d)) and a 2007 conviction for assault with a deadly weapon (§ 245, subd. (a)(1)). Pursuant to a plea agreement, defendant pled no contest to second degree robbery (§ 211) and admitted the 2007 conviction for assault with a deadly weapon as a strike. The agreement called for a prison term of four years, dismissal of the other charges, and waiver of the right to appeal.

After questioning defendant, the court found that he had knowingly, voluntarily, and competently waived the constitutional rights set forth on the plea form. The court accepted a factual basis for the plea proposed by defense

[2] The complaint also charged Thomas Louis Tringali with shoplifting in connection with the incident. The district attorney also brought other charges against defendant in two unrelated cases (Nos. FCR351656 and FCR354765) that were also resolved by the same plea agreement. The resolution of the charges against Tringali and of the charges against defendant in the other cases are immaterial to this appeal.

counsel; granted the People's motion to dismiss the remaining counts, subject to a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754; referred the matter to the probation office; and set a sentencing hearing.

The probation report described defendant's admission that he committed the charged crime and other offenses to fund his heroin addiction, his expressions of remorse, and his explanation that he had been desperate because of the recent deaths of his mother and brother and loss of his relationship with the mother of his child. The report stated that the Walmart loss-prevention employee reported that he had retrieved all the stolen items and did not plan to attend the sentencing hearing.

At the hearing, no witnesses appeared, the parties submitted on the probation office's report, and the court followed the plea agreement by imposing a low-term prison sentence of two years on the robbery conviction (§ 211), doubled to four years based on the admitted strike (§ 667, subds. (b)–(i)); a $600 restitution fine (§ 1202.4); and a suspended parole-revocation fine in the same amount (§ 1202.45).[3] The court awarded defendant credits of 466 days.

Defendant filed a timely notice of appeal stating that his appeal is based on the sentence or other matters occurring after the plea that do not affect its validity. (Cal. Rules of Court, rule 8.304(b).) His appointed counsel indicates that there are no viable issues to raise on appeal. This court's review of the record has not disclosed any such issues.

### Disposition

The judgment is affirmed.

---

[3] The court did state, "I'm going to order you to pay restitution in [this] case as well." However, neither Walmart nor any other victim filed a restitution claim or attended the hearing. The minutes state, "Court reserves jurisdiction over restitution."

POLLAK, P. J.

WE CONCUR:

STREETER, J.
BROWN, J.